## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD E. LYTLE,** | ) | **CASE NO. 1:08 CV 1359** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **MAGNOLIA VILLAGE RETIREMENT** | ) | |
| **COMMUNITY, LTD.,** | ) | |
| | ) | |
| **Defendant.** | ) | **MEMORANDUM OPINION AND** |
| | | **ORDER** |

This matter is before the Court on the Motion for Summary Judgment filed by Defendant, Magnolia Village Retirement Community, Ltd. ("Magnolia"). (Docket #18.)  Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Magnolia petitions the Court for summary judgment as to the Complaint filed by Plaintiff, Richard E. Lytle.

In his Complaint, Mr. Lytle alleges that Magnolia terminated his employment and medical insurance coverage in violation of his rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C.§ 2601 et seq.  Mr. Lytle states that Magnolia approved his leave request and then, without notice, fired him for taking and/or requesting leave; that Magnolia failed to grant him the FMLA he was entitled to and fired him for taking and/or requesting leave; that Magnolia is estopped from denying Mr. Lytle's eligibility to apply for FMLA leave and/or his reliance on his entitlement to FMLA leave when he did not come to work; that Magnolia is equitably estopped from denying Mr. Lytle's eligibility to apply for or entitlement to FMLA

leave based upon information provided to all employees that they were eligible for leave under the FMLA; and, that Magnolia is equitably estopped from denying his medical leave or his entitlement to medical leave because Magnolia had approved his request for leave.

For the reasons set forth below, Magnolia's Motion for Summary Judgment is DENIED.

## FACTUAL BACKGROUND

Mr. Lytle was hired as an at-will employee by Magnolia in December 2005 as a state-tested nursing assistant. (Deposition of Linda Lindstrom ("Lindstrom Depo.") at p. 14; Deposition of Kristina Lance ("Lance Depo.") at p. 29.) During the time period in question, Mr. Lytle worked twelve-hour shifts on Friday, Saturday and Sunday. (Deposition of Richard Lytle ("Lytle Depo.") at pp. 17-18.)

Mr. Lytle's knee was injured in late February or early March 2006 during a recreational karate session, causing him pain in his knee when walking and soreness after use. (Plaintiff's Memorandum Against Summary Judgment ("Opposition Brief") at p. 3.) Mr. Lytle asserts that he saw his treating physician, Dr. Fracasso, on March 14, 2006, April 3, 2006, and April 4, 2006 regarding his injury. (Id.) Mr. Lytle states that his doctor did not tell him to stop working at Magnolia, but gave him broader instructions "to take it easy on his knee and not do things that would risk injury or aggravation of the knee." (Id.)

On April 26, 2006, May 12, 2006, and May 13, 2006, Mr. Lytle called off work complaining of knee pain. (Defendant's Memorandum in Support of Summary Judgment ("Motion for Summary Judgment") at p. 1.) On May 14, 2006, Mr. Lytle called off work again and spoke to a nurse at Magnolia about taking leave. (Id. at p. 2; Opposition Brief at p. 3.) The nurse told him he would have to call back and speak with his supervisor, Linda Lindstrom, to

-2-

request medical leave and necessary forms. (Id.) On May 15, Mr. Lytle spoke to Ms. Lindstrom,

who stated that she would discuss his leave request with the administrator and instructed Plaintiff

to call back. (Id.) Mr. Lytle states that he was relying on his doctor's instructions to take it easy

in asking for leave, and was also relying on Magnolia to notify him of any paperwork it required

of him or from his doctor. (Opposition Brief at p. 4.) Mr. Lytle alleges to have inquired

regarding his request for medical leave on several occasions following his initial conversation

with Ms. Lindstrom on May 15, 2006. (Lytle Depo. at p. 38.) There is no evidence that

Magnolia attempted to contact Mr. Lytle regarding his request for leave, nor is there evidence

that he was given any paperwork related to his request, at any time after his call to Ms. Lindstrom

on May 15, 2006.[1]

According to Magnolia, Mr. Lytle was scheduled to work May 26-28, 2006, but did not

come to work. (Motion for Summary Judgment at p. 2.) Mr. Lytle claims that the posted work

schedule indicated that he was on medical leave.[2] (Opposition Brief at p. 4.) After his absences

May 26-28, Magnolia terminated his employment. (Motion for Summary Judgment at p. 2.) Ms.

Lindstrom stated during deposition that based upon his absence, she believed he had voluntarily

resigned. (Lindstrom Depo. at pp. 33-35.) Mr. Lytle's termination was effective as of June 2,

---

[1]

     Ms. Lindstrom states that she did speak with Mr. Lytle on one occasion at the end
of June or July, at which time he informed her he was having surgery. However, from the
evidence presented to the Court, he was not provided with any information regarding his
request for leave. (Lindstrom Depo. at p. 31.)

[2]

     During his deposition, Mr. Lytle testified that on May 26, 2006, he went to work
because he had not yet heard back from Magnolia regarding his leave. He clocked in but
asserts that the posted schedule indicated that he was on medical leave. Therefore, he
clocked out and went home. (Deposition of Richard Lytle at p. 35.)

2006.[3] (Motion for Summary Judgment at p. 2.) However, no one at Magnolia ever notified Mr. Lytle that he had been terminated. (Lindstrom Depo. at pp. 43-44.)

## II.     Motion for Summary Judgment.

On April 6, 2009, Magnolia filed its Motion for Summary Judgment. (Docket #18.) Magnolia argues that Mr. Lytle has failed to establish that he has a serious health condition and, therefore, that he was not qualified for leave under the FMLA. Specifically, Magnolia states that Mr. Lytle does not have an injury which involves "continuing treatment by a health care provider," as defined by the FMLA.

A serious health condition involves continuing treatment by a health care provider if it includes a period in which the individual is incapacitated for three consecutive calendar days and any subsequent treatment by a health care provider two or more times, or treatment on at least one occasion which results in a regiment of continuing treatment under the supervision of the health care provider. 29 CFR § 825.114. Magnolia asserts that Mr. Lytle did not seek treatment from a doctor for his knee until June 6, 2006 and that Mr. Lytle's self-assessment of incapacity is insufficient to establish a serious health condition under the FMLA. Accordingly, Magnolia argues he has presented no evidence that he was incapacitated due to his knee injury, and requests that this Court grant summary judgment in its favor on the basis that Mr. Lytle is not a qualified employee entitled to FMLA protection.

Mr. Lytle filed his Memorandum Against Summary Judgment on May 6, 2009. (Docket

---

[3]

According to the file of Dr. Robert Kleinman, the board-certified orthopedic surgeon who treated Mr. Lytle from June 6, 2006 through June 30, 2006, Mr. Lytle's health benefits were terminated effective May 31, 2006. (Deposition of Dr. Robert Kleinman at p. 12.)

-4-

#21.) Mr. Lytle asserts that his knee swelling and pain was becoming more and more disabling, rising to the point of him not being able to continue work. Mr. Lytle states that he did in fact see his treating physician, Dr. Fracasso, on March 14, 2006, April 3, 2006, and April 4, 2006 regarding his knee. Mr. Lytle acknowledges that his doctor did not tell him to stop working, but just told him to take it easy and not do things that would injure or aggravate the knee. Mr. Lytle then saw Dr. Kleinman, a board-certified orthopedic surgeon, on June 6, 2006.[4]

Mr. Lytle states that he was never told by anyone at Magnolia that any medical leave he may need, or the approval of such leave, was dependent on providing medical paperwork. Mr. Lytle asserts that he saw a staffing assignment sheet which indicated he was on medical leave, which led him to believe that his request was approved. Mr. Lytle states that his FMLA rights were violated by Magnolia's failure to respond to his FMLA leave request in writing and failure to explain what documentation, if any, it would require regarding his injury. Finally, Mr. Lytle states he did not have a copy of the Magnolia employee handbook, regardless of whether a handbook exists, and that anything contained in the handbook does not absolve Magnolia of its

---

[4]

Although Mr. Lytle's brief does not include details of his treatment, the Court reviewed the deposition transcript of Dr. Kleinman thoroughly. Prior to his June 6, 2006 consultation with Dr. Kleinman, Mr. Lytle had undergone diagnostic tests, presumably ordered by another doctor. On April 4, 2006, x-rays were taken and, on May 4, 2006, an MRI was performed on the right knee. (Kleinman Depo. at p. 12.) After his June 6, 2006 appointment with Dr. Kleinman, an additional MRI was performed on Mr. Lytle's left knee. (Id. at p.6.) That MRI showed a tear of the medial meniscus in the left knee, similar to a tear present in the right knee. On June 22, 2006, Mr. Lytle had a follow-up appointment with Dr. Kleinman, at which time they talked about proceeding to surgery. (Id. at p. 10.) Dr. Kleinman also completed state-required documentation indicating that Mr. Lytle was unable to work from June 6 through June 30. (Id.) Surgery was later canceled. (Id.) Dr. Kleinman saw Mr. Lytle again on September 18, 2006 to discuss surgery. The surgery was rescheduled but was later canceled. (Id.) Dr. Kleinman testified that torn cartilage would make it difficult to work. (Id. at p.9.)

duty to respond in writing to his FMLA request and to advise him of what documentation was required.

Magnolia filed its Reply in Support of its Motion for Summary Judgment on May 12, 2009. (Docket #22.)  Magnolia restates its position that because Mr. Lytle cannot prove the existence of a serious health condition, his claims under the FMLA must fail.  Specifically, Magnolia states that Mr. Lytle has not shown that he was incapacitated for a period of at least three days and he did not have orders from his doctor to stop working.  Further, Magnolia argues that any failure on its part to provide FMLA information to Mr. Lytle when requested should not defeat summary judgment.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)).  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards.  The court will view the summary judgment motion in the light most favorable to the party opposing the motion.  *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States*, 20 F.3d

-7-

222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181

(9th Cir. 1988)). FED. R. CIV. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made
> on the basis of personal knowledge, set forth admissible evidence, and show that
> the affiant is competent to testify.  Rule 56(e) further requires the party to attach
> sworn or certified copies to all documents referred to in the affidavit.
> Furthermore, hearsay evidence cannot be considered on a motion for summary
> judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted).  However, evidence not meeting this standard may

be considered by the district court unless the opposing party affirmatively raises the issue of the

defect.

> If a party fails to object before the district court to the affidavits or evidentiary
> materials submitted by the other party in support of its position on summary
> judgment, any objections to the district court's consideration of such materials are
> deemed to have been waived, and [the Sixth Circuit] will review such objections
> only to avoid a gross miscarriage of justice.

*Id.* at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to

examine "[o]nly disputes over facts that might affect the outcome of the suit under governing

law." *Anderson*, 477 U.S. at 248.  The court will not consider non-material facts, nor will it

weigh material evidence to determine the truth of the matter. *Id.* at 249.  The judge's sole

function is to determine whether there is a genuine factual issue for trial; this does not exist

unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for

that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining

whether there is the need for a trial--whether, in other words, there are any genuine factual issues

that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## DISCUSSION

An employer is obligated to respond to an employee's request for FMLA leave by notifying the employee of his FMLA rights; the failure to comply constitutes an interference with those rights. 29 C.F.R. § 825.301(b)(1), (c); 29 C.F.R. § 825.220(b). Each time the employee requests leave, the employer must, within a reasonable time thereafter - "one or two business days if feasible," "provide the employee with written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations." *Id.* Interference with an employee's rights includes an employer's failure to advise the employee of her rights under the FMLA. *Cononshenti v. Public Serv. Elec. & Gas Co.*, 364 F.135, 142-43 (3d Cir. 2004). However, to prevail on an interference claim, the employee must show prejudice by "establishing that this failure to advise rendered him unable to exercise that right in a meaningful way, thereby causing injury." *Id.* at 143-44.

There does not appear to be any dispute that Mr. Lytle made a request for medical leave to Magnolia, through Ms. Lindstrom. Further, there does not appear to be any dispute as to the fact that no one from Magnolia ever responded to Mr. Lytle regarding his request for medical leave. (Lindstrom Depo. at pp. 28-30; 32; and, 39-43.) However, questions of fact remain as to what damages, if any, were incurred as a result of the failure of Magnolia to respond to his request.

In addition, the only basis for Magnolia's request for summary judgment is its assertion that Mr. Lytle does not suffer from a serious health condition entitling him to FMLA protection.

-9-

However, based upon this Court's thorough review of all of the evidence presented in this case,

including a careful read of the depositions filed with the Court in their entirety, there exist

genuine issues of material fact as to whether Mr. Lytle suffered from a serious health condition

so as to entitle him to FMLA leave.  Accordingly, Magnolia is not entitled to summary judgment.

## Conclusion

For the foregoing reasons, the Motion for Summary Judgment filed by Defendant,

Magnolia Village Retirement Community, LTD. (Document #18) is DENIED.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: June 3, 2009

-10-